FILED
2009 Feb-12 PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

09 FEB 11 PM 3:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
**NORTHERN DISTRICT OF ALABAMA**
Northeastern Division

| | |
|---|---|
| BRENDA HAIRSTON,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., and NATHAN & NATHAN, P.C.<br><br>Defendants. | Civil Action No.:<br><br>CV-09-S-0274-NE |

## COMPLAINT

COMES NOW the Plaintiff, Brenda Hairston, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4. Plaintiff Brenda Hairston is a natural person who resides in the City of Plainsville, County of De Kalb, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Midland Credit Management, Inc. ("Midland") is a Kansas corporation with its principal place of business in the State of California that engages in the business of debt collection and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) conducting regular, systematic business in this Judicial District.

6.      Defendant Nathan & Nathan, PC, (hereinafter "Nathan") is a collection agency operating from an address of 2215 1st Avenue South, Birmingham, Alabama 35233, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). At all relevant timed herein, Nathan was acting in its capacity as an agent of Midland.

## FACTUAL ALLEGATIONS

7.      Sometime prior to November of 2006, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an Aspire Visa credit card with a balance of less than $3,000.00, which was used to make Plaintiff personal purchases of food, clothing, and shelter-related items.

8.      Because of financial circumstances beyond her control, Plaintiff, Brenda Hairston, fell behind in her payments on this account and it went into default status with the original creditor.

9.      Sometime thereafter, the defaulted debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff, Brenda Hairston.

10.     On or about November 9, 2006, Defendants served a lawsuit upon Plaintiff, Brenda Hairston, that sought full payment on this debt in the amount of $2,678.57 plus costs and attorney fees. This lawsuit was filed in the Small Claims Court of De Kalb County, State of Alabama, under Case Number SM-06-562.

11.     On or about December 15, 2006, Defendants obtained a default judgment against the Plaintiff, Brenda Hairston, for the full amount claimed.

12. On or about August 28, 2007, Defendants filed a Process of Garnishment against the Plaintiff, Brenda Hairston, seeking a wage garnishment from her employer, Walgreen's Drug Store.

13. Fearing the potential loss of her job and the personal anguish and humiliation she would experience as a result of having her wages garnished, the Plaintiff paid this default judgment in full in September of 2007.

14. The Defendants failed to file any notice with the Court that this judgment had been satisfied, resulting in false derogatory information appearing on the Plaintiff's credit reports.

15. Notwithstanding the fact that their judgment had been paid in full, the Defendants also declined to withdraw their application for a Writ of Garnishment and the Writ issued on February 11, 2008.

16. The Writ of Garnishment was served upon the Plaintiff's employer on February 15, 2008 and Notice of the Writ was served upon the Plaintiff's husband, James Hairston, on the same day.

17. The Defendants wrongfully garnished the Plaintiff's wages to collect on a debt she had already paid.

18. On or about February 21, 2008, a motion was made seeking condemnation and disbursement of the Plaintiff's wrongfully garnished wages.

19. No notice was filed with the Court that this judgment had been satisfied and no release was requested for the garnishee until March 10, 2008.

20. The acts and omissions of the Defendants complained of herein were malicious, vexatious and wrongful.

21. In addition to the loss of her money, this wrongful garnishment of the Plaintiff's wages caused her great anxiety for her job, shame, humiliation and mental anguish.

*Summary*

22.     Plaintiff has suffered actual damages as a result of these illegal collection practices in the form of loss of conversion damages, humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 et seq., including but not limited to:

   a. Falsely reporting the debt on Plaintiff's credit reports when Plaintiff does not owe the money;

   b. Engaging in illegal collection activities on a debt that Plaintiff does not owe and that Defendants are not entitled to collect upon.

   c. Updating Plaintiff's credit reports to show that plaintiff still owes this money; and

   d. Updating the credit reports to show that the account was past due and in collections.

25.     As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages pursuant to 15 U.S.C. §

1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II.

### WRONGFUL GARNISHMENT

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions by these Defendants in the attempts to collect a consumer debt from Plaintiff constituted a wrongful and malicious or vexatious garnishment of her wages and therefore the Plaintiff, Brenda Hairston, is entitled to actual and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

A. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

B. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

C. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.

### WRONGFUL GARNISHMENT

D.  For an award of actual and punitive damages against Defendants for Plaintiff, Brenda Hairston, as a result of the wrongful garnishment; pursuant to Alabama law; and

E.  For such other and further relief as may be just and proper.

Plaintiff requests trial by jury.

Respectfully submitted,

Dated: February 11, 2009

THE ANDERSON LAW FIRM, LLC

Richard F. Matthews, Jr.
**Attorney for Plaintiff**

Please serve the defendants by certified mail at the following addresses:

Midland Credit Management, Inc.
c/o CSC Lawyers Incorporating Service
2730 Gateway Oaks Drive
Suite 100
Sacramento, CA 95833

Nathan & Nathan, P.C.
P.O. Box 1715
Birmingham, AL 35201